IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                       1:17-cr-3338-JMC

MILTON BOUTTE,
JOE DIAZ,
ARTURO VARGAS,
and GEORGE LOWE,

      Defendants.

## ORDER DIRECTING THE PARTIES TO SUBMIT DATES

On March 16, 2023, the Court ordered the parties in the above-styled criminal action to meet and confer regarding possible sentencing dates and to file a status report with the Court providing three possible sentencing dates no later than June 30, 2023 agreed to by the parties.

The parties, however, failed to provide dates for which to conduct the sentencing hearings. Between March 16 and June 30, the parties asserted they were unable to propose *any* dates in that time frame.

Also in the Joint Status Report, Defendant Boutte noted that he opposed conducting the other defendants' sentencing hearings after his because sentencing him first "could increase his sentence beyond what is appropriate." If the Court decides to sentence Defendant Boutte first, the Court would not sentence Defendant Boutte beyond what is appropriate and would rather properly calculate Defendant's advisory Guideline sentence and carefully consider the statutory sentencing factors.

Defendant Lowe noted that his plea was conditional, and, "as a result, he will not be taken into custody if a custodial sentence is ordered until after all appellate avenues have been

exhausted." The Court does not share Defendant Lowe's interpretation of his plea agreement. Although the government may be obligated to support or not oppose Defendant remaining out of custody during his appeal, when Defendant reports to the Bureau of Prisons remains in the discretion of the Court. At sentencing, the Court will hear from Defendant and his counsel on this issue and will make a reasoned determination at that time in light of any argument and authorities presented.[1]

In addition, some defendants mentioned the possibility of the government filing a 5K motion regarding their cooperation. There is no indication in the status report that the government intends to call any defendants as witnesses during the sentencing hearings. Thus, absent further indication from the government to the contrary, there should be no impediment to the government expeditiously filing any anticipated 5K motions. If the government is not able to promptly file any 5K motions (if it indeed plans to file any), the Court requests that it notify all parties and the Court by **April 15, 2023**.

Because the parties were unable to propose any days for sentencing in the timeframe proposed by the Court, the Court ORDERS each party to individually file a list of dates between April 17, 2023 and June 30, 2023 where his counsel does not have "pre-scheduled trials, court commitments, and depositions." The parties shall file the list of dates on or before **March 30, 2023**.

IT IS SO ORDERED.

---

[1] Defendant Lowe is certainly free to provide the Court with a pre-sentencing brief more fully outlining arguments and authorities in support of his position on this issue.

                                                Entered for the Court
                                                this the 28th day of March, 2023

                                                /s/ Joel M. Carson III
                                                Joel M. Carson III
                                                United States Circuit Judge
                                                Sitting by Designation